FILED
CLERK

10 JUN 17 PM 12: 38

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

JOSE EDUARDO CURIEL, *individually and
on behalf of others similarly situated,*

                              *Plaintiff,*

              -against-

ELITE SKY INTERNATIONAL INC.(d/b/a
ELITE SKY INTERNATIONAL), NK
SEAFOOD GROUP INC., NK SEAFOOD,
INC. (d/b/a NK SEAFOOD), CHEN TING
YEE, DOMINIC HO, and LARRY YU,

                              *Defendants.*

-------------------------------------------------------X

**COMPLAINT**
**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**



CV 10 - 2784

GOLD, M.J.   KORMAN, J.

        Plaintiff Jose Eduardo Curiel, individually and on behalf of others similarly situated

(collectively the "Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against Defendants Elite Sky International Inc. (d/b/a Elite

Sky), NK Seafood Group Inc. and NK Seafood, Inc. (d/b/a NK Seafood), and Chen Ting Yee,

Dominic Ho and Larry Yu, (collectively the "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants Elite Sky International Inc. NK Seafood Group Inc., NK Seafood, Inc., Chen Ting Yee, Dominic Ho, and Larry Yu.

2. Defendants own, operate, or control a seafood wholesaler, which is presently located at 205 Gardner Avenue, Brooklyn, New York 11237, under the name of Elite Sky International. However, Defendants previously operated the seafood wholesale business at two other locations in Brooklyn: 744 Clinton Street and 190 Morgan Avenue.

3. Upon information and belief, Individual Defendants Chen Ting Yee, Dominic Ho and Larry Yu serve or served as owners, managers, principles, or agents of Corporate Defendants Elite Sky International Inc., NK Seafood Group Inc., and NK Seafood, Inc., and through the corporate entities operate or operated the seafood wholesaler business as a joint or unified enterprise.

4. Plaintiff is a former employee of Defendants, primarily employed to carry live seafood into the warehouse, remove and place live seafood into water tanks, and in refrigerated cases.

5. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours a day

6. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of

- 2 -

requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7.     Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, §142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

8.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq*.; and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

10.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a seafood wholesaler located in this district. Further, Plaintiff was employed by Defendants in this district.

- 3 -

## THE PARTIES

### *Plaintiff*

11.　Plaintiff Jose Eduardo Curiel ("Plaintiff Curiel" or "Mr. Curiel") is an adult individual residing in Queens County, New York.

12.　Plaintiff Curiel was employed by the Defendants from approximately 1998 until March 10, 2010.

13.　Plaintiff Curiel consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims, based upon the allegations herein, as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

14.　Defendants own, operate, or control a seafood wholesaler which is presently located at 205 Gardner Avenue, Brooklyn, New York 11237, under the name of Elite Sky International, at all times relevant to this complaint. Defendants had previously operated their seafood wholesale warehouse at two other locations in Brooklyn: 744 Clinton Street and 190 Morgan Avenue, under the name NK Seafood.

15.　Upon information and belief, Defendant Elite Sky International Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief it maintains its principal place of business at 205 Gardner Avenue, Brooklyn, New York 11237.

16.　Upon information and belief, Defendant NK Seafood Group Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief it maintains its principal place of business at 190 Morgan Avenue, Brooklyn, New York 11237.

- 4 -

17.     Upon information and belief, Defendant NK Seafood, Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief it maintains its principal place of business at 744 Clinton Street, Brooklyn, New York 11231.

18.     Defendant Chen Ting Yee is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant Chen Ting Yee is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Chen Ting Yee possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

19.     Defendant Dominic Ho is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant Dominic Ho is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Dominic Ho possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

20.     Defendant Larry Yu is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant Larry Yu is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Larry Yu possesses or possessed operational control over Defendant Corporations, an

- 5 -

ownership interest in Defendant Corporations, or controlled significant functions of Defendant

Corporations. He determined the wages and compensation of the employees of Defendants,

including Plaintiff, and established the schedules of the employees, maintained employee

records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

21.     Defendants operate a seafood wholesaler in Brooklyn, New York.

22.     Defendants maintain as their principal place of business a centralized office which
is presently located at 205 Gardner Avenue, Brooklyn, New York 11237.

23.     Upon information and belief, the Individual Defendants, Chen Ting Yee, Dominic
Ho and Larry Yu, possess operational control over Defendant Corporations, possess an
ownership interest in Defendant Corporations, and control significant functions of Defendant
Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other
with respect to employees, pay employees by the same method, and share control over the
employees.

25.     Each Defendant possesses or possessed substantial control over the Plaintiff's
(and other similarly situated employees') working conditions, and over the policies and practices
with respect to the employment and compensation of the Plaintiff, and all similarly situated
individuals, referred to herein.

26.     Defendants jointly employed the Plaintiff, and all similarly situated individuals,
and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29
U.S.C. 201 *et seq*. and the NYLL.

- 6 -

27. In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Chen Ting Yee, Dominic Ho and Larry Yu operate the Defendant Corporations as either an alter ego of themselves, and/or fail to operate Defendant Corporations as an entity legally separate and apart from themselves, by, among other things,

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a separate and legally distinct entity,

b. defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporations for their own benefit as the sole or majority shareholder,

e. operating Defendant Corporations for their own benefit and maintaining control over it as a closed corporation or closely held controlled entity,

f. intermingling assets and debts of their own with Defendant Corporations,

g. diminishing and/or transferring assets to protect their own interests, and

h. other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

- 7 -

30.     In each year from 2004 to the present, the Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the seafood wholesale business on a daily basis were produced outside of the state of New York.

*The Plaintiff's Work Conditions*

32.     At all times relevant to this complaint, Plaintiff Curiel was an employee of Defendants.

33.     Plaintiff Curiel was employed by the Defendants from approximately 1998 until on or about March 4, 2010.

34.     At all relevant times, Plaintiff Curiel's duties included carrying special containers filled with live seafood into the warehouse, and place the seafood in water tanks and in refrigerators.

35.     Plaintiff Curiel regularly handled goods in interstate commerce, such as live seafood, produced outside of the State of New York.

36.     Plaintiff Curiel's work duties required neither discretion nor independent judgment.

37.     Plaintiff Curiel regularly worked in excess of 40 hours per week.

38.     From approximately 1998 until April 2009, Plaintiff Curiel worked a schedule from 9:00 a.m. to 8:00 p.m. six days a week (typically 66 hours per week).

39.     From approximately May 2009 until on or about March 4, 2010, Plaintiff Curiel worked a schedule from 9:00 p.m. to 7:00 a.m. for 12 or 13 days straight (typically 70 hours per week).

40.     Throughout his employment with the Defendants, Plaintiff Curiel was paid his wages in cash.

41.     From approximately 2004 until 2005, Mr. Curiel was paid $850.00 every two weeks.

42.     From approximately January 2006 until May 2008, Mr. Curiel was paid $950.00 every two weeks.

43.     From approximately May 2008 until March 4, 2010, Mr. Curiel was paid $1,000.00 every two weeks.

44.     Plaintiff Curiel's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45.     Further, Defendants did not provide Plaintiff Curiel with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

46.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Curiel regarding overtime and wages as required under the FLSA and NYLL.

47.     Plaintiff Curiel's experience was representative of all those who were similarly situated, who worked for the Defendants, who were paid in cash and never received any sort of document that stated rate of pay or actual number of hours worked.

*Defendants' General Employment Practices*

45.     Defendants regularly required the Plaintiff to work in excess of forty (40) hours per week without paying him the proper minimum and overtime wages or spread of hours compensation.

46.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

47.     Plaintiff and, upon information and belief, all similarly situated employees, were paid week to week at the same flat rate of pay regardless of the actual hours worked.

48.     Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, resulting in Plaintiff' effective rate of pay falling below the required minimum and overtime wage rate.

49.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

50.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

51.     Plaintiff was paid his wages wholly in cash.

52.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated employees) worked, and to

- 10 -

avoid paying Plaintiff properly for (1) his full hours worked, (2) for overtime due, and (3) for spread of hours pay.

53.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

54.     Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

55.     At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half his regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

56.     The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

57.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

- 11 -

58. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control his terms and conditions of employment, and determine the rate and method of any compensation.

59. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

61. Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

62. Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

66. Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

70. Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA class members) less than the minimum wage, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

71. Defendants' failure to pay Plaintiff (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

75.     Defendants failed to pay Plaintiff (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

76.     Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

78.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants failed to pay Plaintiff (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

80.     Defendants' failure to pay Plaintiff (and the FLSA class members) an additional hour's pay for each day Plaintiff's (and the FLSA class members') spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

81. Plaintiff (and the FLSA class members) has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

(f)     Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

- 16 -

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA class members;

(m)     Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

- 17 -

(q)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 15, 2010.

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.


                          By:    _____
                                        Michael Faillace [MF-8436]

                                 110 East 59th Street, 32nd Floor
                                 New York, New York 10022
                                 Telephone: (212) 317-1200
                                 Facsimile: (212) 317-1620
                                 *Attorneys for Plaintiff*


- 18 -