UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSE EDUARDO CURIEL, individually and on behalf :
of others similarly situated,                    :           ORDER
                                                 :
                         Plaintiff,              :       10-CV-2784 (ERK)
                                                 :
        -against-                                :
                                                 :
ELITE SKY INTERNATIONAL INC., et al.,            :
                                                 :
                         Defendants.             :
------------------------------------------------------------------ x
GOLD, STEVEN M., U.S.M.J.:

By Order dated September 20, 2011, the Honorable Edward R. Korman referred plaintiff's motion for default judgment to me for a report and recommendation on what relief should be awarded to plaintiff. Docket Entry 26. The court will consider all previous submissions in determining an appropriate award but requests (1) a courtesy copy of plaintiff's motion and (2) some additional briefing on the following subjects.

First, plaintiff brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, on behalf of himself and others similarly situated. Compl. ¶¶ 54-56. Plaintiff has never moved to have this case certified as a collective action pursuant to 29 U.S.C. § 216(b). Accordingly, I infer that plaintiff is abandoning any pursuit of a collective action and instead seeks a judgment on behalf of himself only.

Second, defendants NK Seafood Corp. and NK Seafood Inc. are inactive corporations, dissolved as of July 27, 2011 and January 26, 2011 respectively, according to the records of New York State, Department of State, Division of Corporations. *See* http://appext9.dos.state.ny.us/corp_public/corpsearch.entity_search_entry. A dissolved corporation, however, may be sued while it is winding down its affairs. *See* N.Y. BUS. CORP. LAW § 1006(a)(4). In light of plaintiff's motion for entry of a default judgment, it appears that he seeks to pursue his claims against these corporations, despite what appears to be the corporations' dissolutions. If so, plaintiff shall follow the instructions and schedule below. If plaintiff intends to proceed otherwise in light of the dissolutions, he shall so notify the court promptly.

In addition, plaintiff voluntarily dismissed his claims against Larry Yu. Docket Entry 25. Yu, though, is alleged to be an "owner, officer, and/or agent of the Defendant Corporations" jointly with Ho and Yee, the other individual defendants. Compl. ¶¶ 18-20. If plaintiff settled his claims with Yu, defendants should receive a credit for any settlement. Accordingly, plaintiff shall submit an affidavit addressing the value of any settlement entered into with Yu or explain the basis for why he believes that any settlement with Yu is irrelevant to his claims against the defaulting defendants.

Plaintiff shall also supplement his memorandum of law explaining defendants' liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law, addressing in particular how plaintiff's complaint establishes liability against the defendants as joint employers. In particular, plaintiff shall explain why he contends that his complaint contains more than mere "labels and conclusions" and "a formulaic recitation of the elements" of a claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). *See* Compl. ¶ 23 (alleging "[u]pon information and belief," that the individual defendants "possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations and control significant functions of Defendant Corporations"); *id*. ¶¶ 21-30. Even in his affidavit in support of his motion, plaintiff does not state any factual details specifying which of the individual defendants actually paid his wages, had the ability to fire him, or otherwise controlled his employment conditions. *See Hart v. Rick's Cabaret Int'l Inc.*, 2010 WL 5297221, at *3 (S.D.N.Y. Dec. 20, 2010) (specifying factors to consider in determining whether an individual is an employer).

Plaintiff shall make his submission in support of the damages he seeks no later than October 24, 2011. Any submission that defendants wish to make in response is due no later than November 7, 2011. Any reply that plaintiff wishes to make should be filed no later than November 14, 2011.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendants at their last known addresses, and to provide the Court with a copy of the return receipt.

                                          **SO ORDERED.**

                                          _____s/_____
                                          **STEVEN M. GOLD**
                                          **United States Magistrate Judge**

Dated: Brooklyn, New York
       October 4, 2011